■ MANUEL MARTINS, Doing Business as MARTINS' TRAVEL, Respondent, v CHARLES A. COELHO et al., Defendants, and BURSAM COMMUNICATIONS CORP., Doing Business as WTHE RADIO, Appellant. — In an action to recover damages for defamation, defendant Bursam Communications Corp., doing business as WTHE Radio, appeals from (1) an order of the Supreme Court, Nassau County (Brucia, J.), dated March 14, 1983, which denied its motion pursuant to CPLR 3211 (subd [a], par 5) to dismiss the complaint as to it, and (2) an order of the same court (Kelly, J.), dated June 23, 1983, which denied its motion pursuant to CPLR 3212 for summary judgment. ¶ Order dated March 14, 1983, affirmed. No opinion. ¶ Order dated June 23, 1983, affirmed. ¶ Plaintiff is awarded one bill of costs. ¶ In this defamation action, plaintiff Manuel Martins, doing business as Martins' Travel (hereinafter Martins), alleged that on or about November 7, 1981, during the broadcast of a radio program entitled "A Voz Do Emigrante", the following statement was made: "Because of the default in payment of advertising by * * * Martins Travel Agents, we will be forced to close this program in a few days". The statement was broadcast in Portuguese, as was the entire radio program in question. The complaint alleged that the statement was false, was intended to injure plaintiff in his business, and was intended to diminish his good reputation within the Portuguese-American community. The complaint further alleged that the statement was made with "malice", i.e., with knowledge of its falsity and/or reckless disregard for its truth. Plaintiff alleged that defendant Bursam

Communications Corp. (hereinafter Bursam) was the owner of the radio station, and that prior to the broadcast in question Bursam had delivered a letter to two of the other defendants, Charles A. Coelho and Portuguese American Communications, Inc., which stated that the radio program "A Voz Do Emigrante" would be canceled because "Martins' Travel has not paid its advertising bill". Thereafter, at the direction of Coelho and Portuguese American Communications, Inc., the fourth defendant, Fernando Valente, read said letter on the air and made the afore-mentioned statement in Portuguese. ¶ Defendant Bursam moved for summary judgment upon the ground, *inter alia,* that the truth of the alleged defamatory statement had been established as a matter of law by reason of a prior action brought by Bursam against Martins in the District Court of Nassau County. Attached to Bursam's motion papers were copies of the summons, complaint and judgment in the prior action. The judgment of the District Court, which was in favor of Bursam, established that which was alleged in the complaint, i.e., that as of December 13, 1982, the date of the complaint, Martins owed Bursam the sum of $237 for radio broadcast time purchased between September, 1981 and November, 1981. However, the judgment does not establish that Martins' advertising bill was in "default" on November 7, 1981, the date of the alleged defamatory broadcast. Moreover, the evidence produced by plaintiff in opposition to the motion for summary judgment included a copy of a check, drawn by him and made payable to Bursam, in the amount of $250; the check was dated October 28, 1981, and was paid on October 30, 1981. Also, plaintiff produced a copy of a letter from Bursam, dated November 13, 1981 (six days after the broadcast), which stated: "Your *current* balance, up to and including November 1, 1981, is $237.00. You are a valued account and the Company would appreciate this immediate payment" (emphasis added). The letter made no mention of plaintiff being in default, and one could reasonably infer that plaintiff was not in default, *if at all,* until sometime subsequent to the date of the letter. ¶ We conclude, therefore, that Bursam failed to establish as a matter of law that on the date of the alleged defamatory utterance, November 7, 1981, plaintiff was, in fact, in default in payment of advertising fees to it. The truth or falsity of the utterance remained a question of fact which precluded the granting of summary judgment. ¶ We note briefly that Bursam's summary judgment motion was also predicated upon the ground that the alleged defamatory utterance was not slanderous per se, and that plaintiff's failure to have alleged special damages in the complaint was therefore fatal (see Prosser, Torts [4th ed], § 112, pp 751-762; Restatement, Torts 2d, § 570). We need not address this contention, however, because we have recently held that defamation which is broadcast by means of radio is to be classified as libel, which requires neither pleading nor proof of special damages (*Matherson v Marchello,* 100 AD2d 233, 236-237, 239). ¶ We have reviewed the remaining contentions advanced by Bursam and find them to be without merit. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.